IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **HICA EDUCATION LOAN CORP.,** ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 11-2894 |
| ) | |
| **RICHARD M. LACKIE, a/k/a** ) | |
| **RICHARD MALONE LACKIE,** ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

On January 23, 2012, the Clerk of Court entered default against Defendant Richard Lackie ("Lackie"). (Entry of Default, ECF No. 8.) Before the Court is Plaintiff HICA Education Loan Corporation's ("HICA") April 10, 2012 Motion for Default Judgment against Lackie. (Mot. for Default J., ECF No. 11.) Lackie has not responded and the time for doing so has passed. For the following reasons, HICA's Motion is GRANTED.

**I.   Background[1]**

---

[1] The background facts come from the factual allegations in HICA's Complaint and other pleadings and incorporated attachments, which are deemed admitted because of Lackie's default. See Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010); United States v. Conces, 507 F.3d 1028, 1038 (6th Cir. 2007); Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

HICA is a corporation organized and chartered under South Dakota law. (Compl. ¶ 1, ECF No. 1.) Lackie is resident of Memphis, Tennessee. (Id. ¶ 2.)

Lackie signed two promissory notes (the "Notes") pursuant to the provisions of the United States Health Assistance Loan ("HEAL") Program, 42 U.S.C. §§ 292 et seq. (Id. ¶ 5.) HICA owns and/or holds the Notes. (Id.) On October 16, 1992, Lackie signed Note 1, in which he promised to pay $8,500, "to the extent it is advanced [], to pay interest on the principal sum . . . , and to pay authorized late charges," reasonable attorney's fees, and costs. (Id.); (see also October 16 Note, ECF No. 1-2.) On October 27, 1995, Lackie signed Note 2, in which he promised to pay a "principal sum of $4,571.00, to the extent it is advanced [], to pay interest on the principal sum . . . , and to pay authorized late charges," reasonable attorney's fees, and costs. (Compl. ¶ 5); (see also October 27 Note, ECF No. 1-1.) On November 24, 2003, Sallie Mae, Inc. ("Sallie Mae"), the original holder, executed a bill of sale and assigned the Notes to HICA. (October 16 Note 4); (October 27 Note 4.) As the holder of the Notes, HICA is entitled to receive all monies and sums due. (Compl. ¶ 6.)

HICA alleges that the sums described in the Notes were loaned and advanced to Lackie. (Id. ¶ 7.) Lackie failed to make all of the payments that are due and owing under the Notes,

meaning that Lackie has defaulted. (Id. ¶ 8.) HICA demanded that Lackie make payment on the Notes, but Lackie "failed and refused, and continues to fail and refuse, to pay the sums due and owing." (Id. ¶ 10.) Lackie owes $15,188.20 in unpaid principal, $1,604.95 in unpaid interest, $1.21 in per diem interest, and $6.42 in unpaid late charges. (Id. ¶ 11.) HICA alleges that it is entitled to recover those amounts, plus attorney's fees, costs, and prejudgment interest. (Id. ¶ 12.)

## II. Jurisdiction

A court's default judgment is invalid unless it has proper jurisdiction. See, e.g., Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment.") (citing Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006)).

Courts are obligated to consider subject-matter and personal jurisdiction, but not defects in venue, before entering default judgment. Compare In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (holding that a district court properly raised the issue of personal jurisdiction sua sponte), and Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court

has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."), and Columbia Pictures Indus. v. Fysh, No. 5:06-CV-37, 2007 U.S. Dist. LEXIS 11234, at *3-4 (W.D. Mich. Feb. 16, 2007) (considering and finding subject-matter and personal jurisdiction before entering a default judgment), with Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 942 (5th Cir. 1999) ("The Supreme Court has made clear that if a party defaults by failing to appear or file a timely responsive pleading, the party waives defects in venue.") (citations omitted), and Williams, 802 F.2d at 1202 ("[I]f a party is in default by failing to appear or to file a responsive pleading, defects in venue are waived, a default judgment may be validly entered and the judgment cannot be attacked collaterally for improper venue." (citing Hoffman v. Blaski, 363 U.S. 335, 343 (1960)).

HICA brings this cause for nonpayment of the Notes under HEAL, 42 U.S.C. §§ 292 et seq. (Compl. ¶ 3.) "A district court has subject matter jurisdiction over any civil action 'arising under the Constitution, laws, or treaties of the United States.'" Davis v. United States, 499 F.3d 590, 594 (6th Cir. 2007) (quoting 28 U.S.C. § 1331). "A claim arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal laws or the federal Constitution." Id. (quoting Cobb v. Contract Transp., Inc., 452

4

F.3d 543, 548 (6th Cir. 2006)). Because HICA brings its cause under federal law, the Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

The Court also has personal jurisdiction. "Personal jurisdiction can be either general or specific, depending upon the nature of the contacts that the defendant has with the forum state." Bird v. Parsons, 289 F.3d 865, 873 (6th Cir. 2002); see also Gerber v. Riordan, 649 F.3d 514, 517 (6th Cir. 2011); Third Nat'l Bank v. WEDGE Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989). "General jurisdiction is proper only where a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." Parsons, 289 F.3d at 873. "'Presence' in the state in this sense has never been doubted when the activities of [a person] there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued . . . has been given." Int'l Shoe Co. v. Wash., 326 U.S. 310, 317 (1945) (quotation omitted).

Lackie's contacts with Tennessee are "continuous and systematic." Lackie is a Tennessee resident. Copies of the Summons and Complaint were served on Lackie at his Tennessee

5

address.  (See Summons, ECF No. 2.)  The Court has personal jurisdiction over Lackie.

**III. Standard of Review**

Federal Rule of Civil Procedure 55(b)(2) governs default judgments.  See Fed. R. Civ. P. 55(b).  "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages."  Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  Unlike factual allegations, "a party in default does not admit mere conclusions of law."  Anderson v. Johnson, 1999 U.S. App. LEXIS 29636, at *5 (6th Cir., Nov. 4, 1999).

Because the Clerk has entered default against him, Lackie is deemed to have admitted the factual allegations in HICA's complaint, other than those relating to damages.  If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment and conduct an inquiry to determine damages and other relief.  See Coach, Inc. v. Cellular Planet, No. 2:09-cv-00241, 2010 U.S. Dist. LEXIS 45087, at *7 (S.D. Ohio

May 7, 2010) (citing <u>Arista Records, Inc. v. Beker Enters.</u>, 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)).

**IV. Analysis**

**A. Default Judgment**

HICA asserts that Lackie defaulted on the Notes. To recover on a promissory note executed under federal law, a party "must first make a prima facie showing that (1) the defendant signed it, (2) the [plaintiff] is the present owner or holder and (3) the note is in default." <u>United States v. Petroff</u>, 557 F.3d 285, 290 (6th Cir. 2009) (citing <u>United States v. McDonald</u>, No. 93-1924, 1994 U.S. App. LEXIS 11280, at *2 (6th Cir. May 16, 1994)). A holder may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. <u>Id.</u> (citation omitted). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." <u>Id.</u>

Lackie signed the Notes. (<u>See</u> October 16 Note); (<u>see also</u> October 24 Note.) HICA has attached exhibits showing that it is the current owner or holder of the Notes. (October 16 Note 4); (October 24 Note 4.) The Bill of Sale authorizes HICA to undertake all loan servicing and collection activities associated with loans executed under HEAL. <u>See</u> <u>Pa. Higher Educ. Assistance Agency v. Reinhart</u>, No. 1:11-cv-125, 2012 U.S. Dist.

7

LEXIS 127181, at *3-4 (E.D. Tenn. Aug. 17, 2012). HICA has attached documentation showing that Lackie is in default. (See Decl. of Robin Zimmerman, ECF No. 11-1.) HICA has made a prima facie showing that Lackie has defaulted on the Notes. Lackie has elected not to dispute HICA's claim. HICA has stated a claim under HEAL.

In addition to stating a valid cause of action, a plaintiff seeking default judgment must fulfill several obligations. See Broad. Music, Inc. v. Marler, 1:09-cv-193, 2009 U.S. Dist. LEXIS 106147, at *4 (E.D. Tenn. Nov. 12, 2009) (citations omitted)). A plaintiff must: (1) properly serve the defendant with process; (2) demonstrate that the opposing party has failed to answer or otherwise respond to the complaint; (3) submit an affidavit stating that the defendant is not an infant or an incompetent person; and (4) submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service.[2] See, e.g., Reinhart, 2012 U.S. Dist. LEXIS 127181, at *6-7 (citations omitted).

Lackie was served a summons and a copy of the Complaint on October 11, 2011. (Summons); (see also ECF No. 5.) Default has been entered. HICA has submitted proof that Lackie is not an

---

[2] A fifth factor, whether the defendant was served at least seven days before entering an appearance, is irrelevant. See Fed. R. Civ. P. 55(b)(2). Lackie has not entered an appearance.

infant or incompetent, and is not in military service. (See Decl. of Robin Zimmerman ¶¶ 4-5.) HICA has fulfilled its procedural obligations.

Because HICA has stated a valid cause of action under HEAL and fulfilled its procedural obligations, entry of default judgment against Lackie is appropriate.

**B. Damages**

Entry of default judgment for a requested amount without additional proof of damages is proper if a plaintiff's claim is for a certain sum, or if a plaintiff's sum can be made certain by computation. <u>Citizens Bank v. Parnes</u>, 376 Fed. App' x 496, 506 (6th Cir. May 4, 2010). If a plaintiff's claim is not for a sum that is certain or can be easily calculated, an evidentiary hearing is generally required. <u>See</u> Fed. R. Civ. P. 55(b)(2). Although proof of damages "ordinarily requires an evidentiary hearing in which the defendant may contest the amount, . . . a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." <u>Marler</u>, 2009 U.S. Dist. LEXIS 106147, at *5.

A hearing is not required in this case. HICA has submitted uncontested, sworn affidavits to establish damages. HICA's affidavits establish that Lackie owes $15,188.20 in unpaid principal, $1,604.95 in accrued, unpaid interest, $1.21 in per

diem interest, and $6.42 in accrued, unpaid late charges. (Decl. of Robin Zimmerman ¶¶ 2-3.) Prejudgment interest in the amount of $1.13 has accrued since HICA calculated Lackie's amount of default on February 9, 2012. (Id.)

HICA's request for damages is well taken. Other courts have credited similar affidavits in awarding damages. See, e.g., Reinhart, 2012 U.S. Dist. LEXIS 127181, at *5-6. Lackie is liable for $15,188.20 in unpaid principal, $1,604.95 in accrued, unpaid interest, $1.21 in per diem interest, and $6.42 in accrued, unpaid late charges. Lackie is also liable for prejudgment interest continuing to accrue from February 9, 2012 until the date judgment is entered in the amount of $1.13 per day.

**V. Conclusion**

For the foregoing reasons, HICA's Motion is GRANTED.

So ordered this 19th day of February, 2013.

                                           s/ Samuel H. Mays, Jr.
                                           SAMUEL H. MAYS, JR.
                                           UNITED STATES DISTRICT JUDGE